IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **IAN BYRON FAWKNOTSON,** | ) | Case No. 3:21-bk-00618 |
| | ) | Chapter 7 |
| Debtor. | ) | Judge Randal S. Mashburn |
| | ) | |

| | | |
|---|---|---|
| **SOUTHEAST COMMUNITY CAPITAL** | ) | |
| **CORPORATION d/b/a Pathway Lending,** | ) | |
| | ) | **Relief from Stay and** |
| | ) | **Abandonment** |
| **Secured Creditor** | ) | |

Affected Collateral:  2010 Lincoln Towncar 2LNBL8CV2AX618781;
2013 GMC Yukon 1GKS1EEF0DR344272;
2013 Jaguar XF SAJWA0ES1DP68311;
2014 Ford Ecoline 1FBSS3BLXEDA58925;
2015 Nissan Quest JN8AE2KP2F913009; and
2016 Nissan NV 5BZAF0AA9GN852175

**AGREED ORDER GRANTING RELIEF FROM
AUTOMATIC STAY AND ABANDONING AFFECTED COLLATERAL**

Secured Creditor seeks relief from the automatic stay provisions in 11 U.S.C. § 362(a) and abandonment by the Trustee pursuant to 11 U.S.C. § 554 with respect to the Affected Collateral.

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS**

**INDICATED AT THE TOP OF THE FIRST PAGE**

1

It appears to the Court, as evidenced by the signatures of counsel for Debtor, counsel for Secured Creditor, and the Chapter 7 Trustee, that in lieu of filing of and having a hearing upon a motion for stay relief by Secured Creditor and abandonment by the Trustee pursuant to 11 U.S.C. § 554, the parties hereby agree as follows:

IT IS, THEREFORE, ORDERED THAT

1. On or about March 17, 2017, Fawknotson Group, Inc., a Tennessee business corporation sometimes doing busines as CitiValet ("<u>Fawknotson Group</u>"), became obligated to Secured Creditor pursuant to that certain Business Loan Agreement, Commercial Security Agreement, and Promissory Note, as amended from time-to-time, in the original principal amount of $250,000.00 ("<u>Loan xxxx-01</u>")

2. On or about March 17, 2017, Fawknotson Group also became obligated to Secured Creditor pursuant to that certain Business Loan Agreement, Commercial Security Agreement, and Promissory Note, as amended from time-to-time, in the original principal amount of $100,000.00 ("<u>Loan xxxx-02</u>").

3. On or about January 17, 2018, Fawknotson Group also became obligated to Secured Creditor pursuant to that certain Business Loan Agreement, Commercial Security Agreement, and Promissory Note, as amended from time-to-time, in the principal amount of $66,26.58 ("<u>Loan xxxx-03</u>").

4. On or about January 17, 2018, Fawknotson Group also became obligated to Secured Creditor pursuant to that certain Business Loan Agreement, Commercial Security Agreement, and Promissory Note, as amended from time-to-time, in the principal amount of $25,000.00 ("<u>Loan xxxx-04</u>").

5. Debtor executed those certain Commercial Guaranties, whereby he absolutely and unconditionally guaranteed the full payment and performance of Fawknotson Group's obligations under Loan Nos. xxxx-01 – xxxx-04 (collectively, the "<u>Loans</u>").

6. Secured Creditor has valid and perfected security interests in the Affected Collateral, as evidenced by UCC-1 Financing Statement 426495088, UCC-1 Financing Statement 428110594, and the lien notations of the certificates of title.

7. Fawknotson Group and Debtor have defaulted on their respective obligations under the Loans.

8. Fawknotson Group, Debtor, and the Trustee hereby abandon the Affected Collateral as burdensome or inconsequential value to the Estate pursuant to 11 U.S.C. § 554 and L.B.R. 6007-1 and agree to termination of the automatic stay provisions as to the aforementioned Affected Collateral.

9. Secured Creditor is hereby granted relief from the automatic stay provisions of 11 U.S.C. § 362 to permit the Secured Creditor to proceed with the enforcement of its security interest in the above-described Affected Collateral pursuant to applicable state and federal law.

10. Debtor and Fawknotson Group agree to immediately cease the use and enjoyment of the Affected Collateral upon their entry into this Agreed Order. Debtor and Fawknotson Group also agree to cooperate with Secured Creditor in the transfer of the Affected Collateral.

11. The terms and provisions of this Agreed Order shall bind Fawknotson Group should it ever file for bankruptcy protection.

12. This Order shall become effective immediately upon its entry. IT IS SO ORDERED.

**AGREED AND APPROVED FOR ENTRY:**


/s/ Alexander S. Koval
Alexander S. Koval (BPR: #29541)
DUNHAM HILDEBRAND, PLLC
2416 21st Avenue, Suite 303
Nashville, Tennessee 37212
Telephone: (629) 777-6509
Email: koval@dhnashville.com
*Attorney for Fawknotson Group and Debtor*



/s/ Joshua D. Hankins
Joshua D. Hankins (BPR: #29499)
HANKINS LAW
117 Saundersville Road, Suite 205
Hendersonville, Tennessee 37075
Telephone / Facsimile: (615) 246-2544
Email: josh@hankinslaw.com
Email: joel@hankinslaw.com
*Attorneys for Secured Creditor*



/s/ T. Larry Edmondson, Sr.
T. Larry Edmondson, Sr., Trustee (BPR: #5601)
800 Broadway, Suite 300
Nashville, Tennessee 37203
Telephone: (615) 254-3765
Email: larryedomondson@live.com
*Chapter 7 Trustee*